# In the United States Court of Federal Claims

No. 20-662C

(E-Filed: September 8, 2020)[1]

**NOT FOR PUBLICATION**

| | |
|---|---|
| KGL FOOD SERVICES WLL,  Plaintiff,  v.  THE UNITED STATES,  Defendant,  and  ANHAM FZCO,  and  INTERMARKETS ALLIANCE AND USFI, INC., JOINT VENTURE,  Intervenor-defendants. | Motion to Complete the Administrative Record; Motion to Supplement the Administrative Record. |

ORDER

On August 7, 2020, defendant filed a motion for leave to complete the administrative record, wherein it requested that the court alternatively consider granting defendant leave to supplement the administrative record. See ECF No. 67. On August

---

[1] This order was filed under seal on August 25, 2020. See ECF No. 71. Pursuant to ¶ 4 of the ordering language, the parties were invited to identify any propriety material subject to deletion on the basis that the material was protected/privileged. No redactions were proposed by the parties. See ECF No. 73 (notice). Thus, the sealed and public versions of this order are identical, except for the publication date and this footnote.

13, 2020, plaintiff filed a response in opposition to the motion, or in the alternative, a motion to file a sur-reply in support of its motion for judgment on the AR. See ECF No. 69. And defendant filed a reply in support of the motion on August 20, 2020. See ECF No. 70. Intervenor-defendants do not oppose the motion. See ECF No. 67 at 1. For the following reasons, defendant's motion is **GRANTED**.

I.      Background

This case involves a procurement for "full-line food distribution services supporting military and other federally funded customers located in Kuwait, Iraq, Syria, and Jordan." ECF No. 1 at 1 (complaint). Defendant filed the administrative record (AR) on July 1, 2020, see ECF Nos. 52-54, and on July 24, 2020, defendant filed an unopposed motion to complete the AR, see ECF No. 58. Therein, defendant explained the documents it proposed to file as follows:

> These documents relate to DLA's request regarding whether the Defense Information Systems Agency's (DISA) server blocked emails sent by offerors and, if so, when the DISA server received the emails. In particular, the record specifically includes the contracting officer's request that DISA search for emails DLA never received. But, a gap exists because DISA had not fully responded regarding receipt of emails on May 22, but we were finally able to get DISA to respond to DLA's inquiry and provide information regarding DISA's receipt and quarantine of emails on May 22.

ECF No. 58 at 1-2 (internal citations omitted). Although defendant presented its motion as one to complete the AR, it acknowledged that the court may consider the material to be supplementary. See id. at 2. The court did, in fact, reach this conclusion, and in its order granting the unopposed motion, the court directed defendant to file a "Supplement to the AR." ECF No. 59 at 2. Defendant filed its "Supplement to the Administrative Record" on July 27, 2020. See ECF No. 64. The documents included therein are a series of emails that are each dated either July 14, 2020, or July 15, 2020. See ECF No. 64-1. One email includes an attached spreadsheet, apparently created contemporaneously with the emails, itemizing the emails it found in its search. See id. at 4; see also id. at 1 (DISA employee stating in an email dated July 15, 2020, that "we pulled the logs for the requested emails and put them in the attached spreadsheet").

Defendant now seeks to file an additional document that appears to be a revision of or update to the spreadsheet it filed on July 27, 2020. See ECF No. 67 at 5. Specifically, defendant explains that, in response to a request made by intervenor-defendant Intermarkets Alliance and USFI, Inc., Joint Venture (IMA) the week of July 27, 2020:

2

> undersigned counsel requested DISA search for data regarding whether two emails with the subject line "Message 5 of 6" were sent on May 22, 2020. The attached pdf of the spreadsheet from DISA reflects that IMA sent two emails with the subject line "Message 5 of 6," each arriving before 3:00pm Eastern Time on May 22, 2020. This appears to demonstrate that each of the emails with proposal revisions sent by IMA on May 22, 2020 were timely received by DISA's server and quarantined. Because of the delay in obtaining this information, we have not cited or relied on this document in our already-filed reply brief.

Id. at 2-3.

According to defendant, the spreadsheet should be considered by the court because it "appears to demonstrate that each of the emails with proposal revisions sent by IMA on May 22, 2020 were timely received by DISA's server and quarantined." Id. at 2-3. "Because of the delay in obtaining this information," however, defendant has "not cited or relied on this document in [its] already-filed reply brief." Id. at 3.

II.     Legal Standards

In a bid protest, "'the focal point for judicial review should be the administrative record already in existence'" at the time of the agency's decision. Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)). The AR should include "all the material that was developed and considered by the agency in making its decision." Cubic Applications, Inc. v. United States, 37 Fed. Cl. 339, 342 (1997) (citing Camp, 411 U.S. at 142).

After defendant files the AR, a party may ask the court to consider additional documents in one of two ways. First, a party may file a motion to complete the record. In a motion to complete the record, a party seeks to add documents to the record that were actually considered by the agency in making the challenged decision, but omitted from the AR. See Poplar Point RBBR, LLC v. United States, 145 Fed. Cl. 489, 494 (2019).

Alternatively, a party can file a motion for leave to supplement the AR if the documents at issue were not considered by the agency in reaching its decision. See id. ("A motion to 'supplement' the record seeks to add materials that the agency did not consider but should be considered to permit a proper evaluation of the agency's decision."). Supplementing the existing record is appropriate only in "limited" circumstances. Axiom, 564 F.3d at 1379. In Axiom, the United States Court of Appeals for the Federal Circuit adopted a restrictive standard for supplementation, stating that "supplementation of the record should be limited to cases in which 'the omission of

3

extra-record evidence precludes effective judicial review.'"  Id. (quoting Murakami v. United States, 46 Fed. Cl. 731, 735 (2000), aff'd, 398 F.3d 1342 (Fed. Cir. 2005)).

III.   Analysis

As an initial matter, it is clear that defendant's first supplement to the AR contained evidence beyond the scope of the AR as it existed before the agency at the time relevant to the decisions challenged in this case.  The extra-record documents contained in that supplement were created on or around July 14, 2020, or July 15, 2020, two weeks after defendant filed the AR.  See ECF Nos. 52-54 (AR); ECF No. 64 (supplement to the AR).  By granting defendant's unopposed motion, the court made those documents part of the court record to be considered for context in ensuring effective judicial review.

It appears to the court that defendant's present motion seeks to, essentially, update the material that the parties previously agreed should be allowed as a supplement to the AR.  In its motion, defendant explains that in response to defense counsel's initial request to search for quarantined emails, DISA failed to locate all such emails.  See ECF No. 67 at 2.  After another search, DISA located evidence that an additional email relevant to the submission of offers had been quarantined, and the spreadsheet attached to defendant's motion reflects that finding.  See id.  As such, defendant may file the second supplemental spreadsheet so that the court has a complete understanding of the material already in the court record.

To be clear, however, allowing defendant to file the supplemental material as part of the court record does mean that the documents become part of the AR.  Whatever context or insight these supplemental documents may provide, the court is mindful that the documents clearly did not exist at the time the agency made the decisions challenged in this case.  Moreover, a ruling to allow the supplemental filings does not alter the court's fundamental remit—to determine whether the "agency's action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with [the] law." Glenn Def. Marine (ASIA), PTE Ltd. v. United States, 720 F.3d 901, 907 (Fed. Cir. 2013) (citing 28 U.S.C. § 1491(b)(4)).  The court's inquiry in that regard is necessarily based on the information actually considered by the agency.  See Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (stating that an agency's decision is arbitrary, capricious, or an abuse of discretion when the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or [the decision] is so implausible that it could not be ascribed to a difference in view or the product of agency expertise"); Cybertech Grp., Inc. v. United States, 48 Fed. Cl. 638, 646 (2001) (citations omitted) (noting that in evaluating the agency's actions, the court considers "whether the

agency has examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made").

The court recognizes that this new information may impact the arguments made in the parties' motions for judgment on the AR, and will allow the parties an opportunity to submit supplemental briefs to address the same.

Accordingly,

(1) Defendant's motion for leave to supplement the AR, ECF No. 67, is **GRANTED**;

(2) Plaintiff's alternative motion for leave to file a sur-reply made in its response, ECF No. 69, is **DENIED** as moot;

(3) On or before **August 28, 2020**, defendant is directed to **FILE** the proposed **supplement to the AR** as a separate docket entry in this matter;

(4) On or before **September 4, 2020**, the parties shall **CONFER** and **FILE** a **notice**, attaching a proposed redacted version of this order, with any material deemed proprietary blacked out, so that a copy of the order can then be made available in the public record of this matter;

(5) On or before **September 11, 2020**, defendant is directed to **FILE** a **supplemental brief** explaining the relevance of the supplements to the AR;

(6) On or before **September 18, 2020**, plaintiff and intervenor-defendants are directed to **FILE** their **responses** to defendant's supplemental brief; and

(7) On or before **September 25, 2020**, defendant is directed to **FILE** a **reply** in support of its supplemental brief.

IT IS SO ORDERED.

s/Patricia Campbell-Smith<br>
PATRICIA CAMPBELL-SMITH<br>
Judge